**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:07CV506-V-1**
**(3:96CR158-V)**

| | | |
|---|---|---|
| **STEVEN L. SWINT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed November 30, 2007.

On January 21, 1997, Petitioner entered a guilty plea to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). On October 3, 1997, this Court sentenced Petitioner to 188 months imprisonment on the bank robbery charges with a 60 month consecutive sentence for the gun violation. On or about August 28, 1998, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence. On December 14, 1998, the United States Supreme Court denied Petitioner's certiorari petition.

On November 30, 2007, Petitioner filed the instant Motion to Vacate challenging his sentence. After conducting an initial review of Petitioner's motion, the Court concluded that it appeared that Petitioner's Motion to Vacate was untimely by almost eight years. Therefore, the Court issued a <u>Hill</u> notice ordering Petitioner to set forth why his Motion to

Vacate was timely. On December 18, 2007, this Court received Petitioner's response.

In his response to the <u>Hill</u> notice, Petitioner asserts that his motion should be considered timely because "he has obtained through due diligence newly discovered evidence of extraordinary substance that could not have been presented at an earlier time" In support of this statement, Petitioner asserts that he "has wrote and received documents over the years to bring about and prove his valid claim of denial of a constitutional rights and is entitled to equitable tolling." Petitioner also asserts that his motion should not be deemed untimely filed because "extrinsic fraud was committed by agents of the court and with all frauds non are committed with the intent of being known at any given time . . . ." Despite being warned that this Court believed his motion was untimely Petitioner has responded solely with overly vague assertions completely unsupported by any details or facts.[1] Such a response does not support a finding that Petitioner's Motion to Vacate was timely filed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** as untimely.

Signed: January 3, 2008

Richard L. Voorhees
United States District Judge

---

[1] A review of Petitioner's Motion to Vacate reveals that he makes some reference to a state court conviction that was newly discovered evidence. Petitioner does not explain why such a fact was undiscoverable earlier and this Court cannot conceive of how a prior state court conviction qualifies as newly discovered evidence.