UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:96cr00158

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **STEVEN L. SWINT,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's <u>Pro Se</u> Motion to Correct Sentence Pursuant to 3553 (Doc. 65), filed July 13, 2009. In this motion, Defendant argues that the Court improperly enhanced his sentence on the basis of "reckless endangerment during flight." Specifically, Defendant argues that this enhancement could not have been applied without a jury finding that the Defendant did in fact commit the conduct that was the subject of the enhancement.

Defendant pled guilty to two counts of Bank Robbery and Assault with a Deadly Weapon and one Count of Using and Carrying a Firearm in Relation to a Crime of Violence and was sentenced on October 19, 1997. Defendant has exhausted his direct appeals. Defendant has also previously filed a motion to vacate sentence his pursuant to 28 U.S.C. § 2255, which was dismissed as untimely in an Order issued by this Court on January 3, 2008. The argument put forth by Defendant in the instant motion to correct sentence was not included in Defendant's earlier motion to vacate.

## ANALYSIS

Defendant's current motion will be denied for the following reasons. First, 18 U.S.C. § 3553 does not give the Court the authority to alter or correct Defendant's sentence. Second, the Court finds that the present motion is in fact a second or successive motion under 28 U.S.C. § 2255. Since

this motion has not been "certified . . . by a panel of the appropriate court of appeals," the motion must be dismissed. 28 U.S.C. § 2255. Third, Defendant is incorrect that the factual basis for a sentencing enhancement must be found by a jury. Because Defendant entered a guilty plea, the key question is whether the facts which he admitted in his plea are sufficient to justify his sentence. Thus, only those sentencing enhancements that would support a sentence of imprisonment beyond the maximum sentence otherwise authorized under the facts established by Defendant's plea would run afoul of the Sixth Amendment. United States v. Booker, 543 U.S. 220, 244 (2005); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Although the Court finds the Defendant's enhancement adequately supported by the facts in his guilty plea, the Court also notes that the Supreme Court decisions in Apprendi and Booker do not apply to this case. Neither holding was applied retroactively, and Defendant had exhausted his appeals in this case before these opinions were issued. Therefore, Defendant is precluded from making the argument advanced in his motion.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Correct Sentence is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to Defendant.

**SO ORDERED.**

Signed: August 27, 2010

Richard L. Voorhees
United States District Judge

2